UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANA DISTRIBUTORS, LLC,

    Plaintiff,

v.                                                                          Case No. 20-10659

PORTOVINO, LLC,                                              Hon. Denise Page Hood

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION DISMISS [ECF No. 2]**

**I.    INTRODUCTION**

On March 11, 2020, Plaintiff Cana Distributors, LLC ("Cana") filed a complaint in the Circuit Court for the County of Oakland against Defendant PortoVino, LLC. ("PortoVino"). [ECF No. 1]. On March 11, 2020, PortoVino filed a Notice of Removal to remove this action to this Court. [ECF No. 1].

In its Notice of Removal, PortoVino asserts that the Court has original jurisdiction over the action because there is diversity of citizenship pursuant to 28 U.S.C. §1332. ECF No. 1, PageID 3. Cana is a Michigan-based company and PortoVino is a New York-based company with its principal place of business also in New York. *Id.* PortoVino asserts that the amount in controversy is in excess of $75,000 and therefore meets the diversity jurisdiction threshold to warrant removal

1

to this Court. *Id.* at PageID 5. PortoVino asserts that Cana underestimated its damages when claiming the amount in controversy is "unspecified damages of less than $75,000 exclusive of interest, costs and attorneys' fees but, in the prayer for relief contained within Cana's Complaint, Cana seeks costs and attorneys' fees in addition to its claim for monetary damages of less than $75,000." *Id* at PageID 3,4,5.

On March 13, 2020, PortoVino filed a Motion to Dismiss Complaint ("Motion to Dismiss") [ECF No. 2], and it has been fully briefed. For the reasons that follow, the Court denies PortoVino's Motion to Dismiss.

## II. BACKGROUND

Cana filed this case because PortoVino, a wine supplier based in New York, allegedly improperly terminated its agreement with Cana, a wine wholesaler in Michigan. Cana alleges that PortoVino was "bound by an agreement" between PortoVino's predecessor and Cana. ECF No. 4-2, at ¶8. Cana alleges PortoVino indicated that it wanted to terminate that agreement, PortoVino was obligated to pay Cana compensation for the diminished value of Cana's business, as set forth in MCL § 436.1305(17). ECF No 2-4, at ¶10. Cana alleges that no accord was reached regarding compensation, and PortoVino proceeded in bad faith by "concocting" claims that Cana was engaging in business misconduct to create a basis for terminating the business relationship. ECF No. 2-3, at ¶12.

PortoVino seeks to dismiss Cana's cause of action on the grounds that (1) Cana cannot state a claim upon which relief can be granted, and (2) Cana's prior breach prevents Cana from stating a claim upon which relief can be granted. ECF No. 2, PageID 25. PortoVino asserts that Cana repeatedly made late payments to PortoVino, sometimes up to eight months delayed. ECF No. 2, PageID 31 [see 32 – some factual basis/invoices]. PortoVino also asserts that Cana's late payments caused PortoVino to violate MCL § 436.2013, which states that "the sales of alcoholic liquor to licensees shall be for cash only." PortoVino interprets this to mean that a wholesaler (Cana) is required to pay a supplier (PortoVino) upon the wholesaler taking possession of the alcohol. ECF No. 2, PageID 42. PortoVino contends that, due to Cana's failures to timely pay PortoVino, PortoVino was inadvertently extending credit terms to Cana unlawfully under MCL § 436.2013. *Id.* Cana denies that PortoVino was forced to extend credit and states that PortoVino repeatedly offered to sell product to Cana on credit terms. ECF No. 4, PageID 195.

III.    APPLICABLE LAWS

A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v.*

3

*Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   B. MCL § 436.1305

MCL § 436.1305 *et seq.* controls the wine industry in Michigan. Excerpts from this section identify prohibited conduct, termination, cancellation, nonrenewal, or discontinuance of agreements, compensation for diminished value of wholesaler's business, actual damages, exemplary damages and procedures for resolving violations. The following is a provision of the statute:

> (1) The purpose of this section is to provide a structure for the business relations between a wholesaler of wine and a supplier of wine. Regulation in this area is considered necessary for the following reasons:
>
> > (a) To maintain stability and healthy competition in the wine industry in this state.

4

    (b) To promote and maintain a sound, stable, and viable 3-tier distribution system of wine to the public.

    (c) To recognize the marketing distinctions between beer and wine.

    (d) To promote the public health, safety, and welfare.

**A. MCL § 436.2013**

MCL § 436.2013 mandates that all sales of alcoholic liquor by Michigan liquor stores or Michigan licensees shall be for cash only. The statute provides that "[a] sale or purchase of alcoholic liquor made in a state liquor store and by all types of licensees shall be for cash only, except for" six exceptions. Neither party suggests any of those exceptions is applicable in this case.

**I.    ANALYSIS**

A. Cana states a claim upon which relief can be granted.

In its complaint, Cana alleges that, pursuant to MCL § 436.1305(17): (a) there was an agreement between it and PortoVino which was terminated by PortoVino; and (b) as a result of that termination, PortoVino owes Cana reasonable compensation for the diminished value of Cana's business. In its Motion to Dismiss, PortoVino asserts that Cana's complaint lacks specificity and relevant information, ECF No. 2, PageID 25, and that Cana avoided putting its own wrongdoings in the complaint. *Id* at 39. PortoVino contends that Cana's allegations

5

that PortoVino terminated the agreement and concocted claims of misconduct by Cana were vague. *Id.* PortoVino cites the lack of documentation attached to Cana's claim to support PortoVino's assertion that Cana's claim is so vague that it should be dismissed pursuant to Rule 12(b)(6). *Id.*

The Court notes that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires only that the defendant has notice of the claim and the grounds upon which the claim rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Factual allegations do not need to be detailed, but they must be enough to enable a court to consider a right to relief beyond a speculative level. *Twombly* 550 U.S. at 545.

Cana alleges that PortoVino terminated its agreement with Cana without complying with the requirements of MCL § 436.1305. ECF No. 4-2, PageID 205, at ¶14. "Pursuant to MCL § 436.1305(17), if Defendant cancelled and/or terminated its agreement with Plaintiff, Defendant would be required to pay Plaintiff reasonable compensation for the diminished value of Plaintiff's business." *Id* at ¶15. Cana also contends "Defendant cancelled and/or terminated its agreement with Plaintiff" and "Defendant has not paid Plaintiff reasonable compensation for the diminished value of Plaintiff's business." *Id* at 206, ¶14, 16. PortoVino does not address these claims but instead asserts affirmative defenses to

justify terminating the agreement. Cana counters that it is permitted to maintain a civil action against PortoVino to recover actual damages, exemplary damages, court costs and attorneys' fees pursuant to MCL 436.1305 (28-31). *Id* at ¶17.

The Court finds that, although Cana's claim provides only a short statement without detailed facts, it does contain simple allegations stemming from a Michigan statute and a request for relief. Stating a claim only requires that the complaint have enough facts to suggest an agreement was in place. *Twombly*, 550 U.S. at 545. The Court concludes that the level of detail PortoVino submitted in an attempt to justify its actions actually supports a conclusion that Cana's complaint was well-pleaded. In this case, both parties acknowledge that there was an agreement between them. ECF No. 4-2, PageID 205, ECF No. 2, PageID 32, at ¶7 and ECF No. 2, PageID 32. In both parties' pleadings, it is evident that the agreement was terminated by PortoVino, though there is a dispute about whether that termination was warranted and permissible. Based on Cana's allegations, the Court finds Cana's claim plausible and, if true, presents a reasonable inference that PortoVino is liable. The Court concludes that constitutes a sufficiently pleaded claim for violation of MCL § 436.1305.

   B. Cana's prior breach does not prevent it from stating a claim upon which relief can be granted

PortoVino asserts that (1) Cana's failure to pay for goods PortoVino supplied was evidence of the Cana's insolvency; and (2) Cana was prohibited from purchasing alcohol from PortoVino on credit. ECF No. 2, PageID 25. PortoVino argues that these two assertions establish that Cana breached the agreement and that breach precludes Cana from stating a claim for relief. *Id* at 26.

Pursuant to MCL § 436.1305(11)(a), a supplier may terminate an agreement if the wholesaler is insolvent. PortoVino cites Cana's history of untimely payments or failures to pay as conclusive evidence that Cana is insolvent, then asserts that conclusion of insolvency as an affirmative defense. ECF No. 2, PageID 47. PortoVino asserts that "a debtor who is not paying debts as they become due is presumed to be insolvent." ECF No. 2 PageID 47. PortoVino quotes *John Ceci, P.L.L.C. v. Johnson,* 2010 WL 1872927 (Mich. Ct. App. May 11, 2011) which purports to quote MCL § 566.32(2), but MCL § 566.32(2) actually states "A debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent." Based on its presumption that Cana was insolvent and pursuant to MCL 436.1305(11)(a), PortoVino believed it had the right to terminate its agreement with Cana. ECF No. 2 PageID 47.

The Court notes that PortoVino's argument <u>may constitute evidence</u> of insolvency, but this argument does not establish as a matter of law that Cana was

insolvent. PortoVino's assertion (which is something the Court does not consider or determine when deciding a motion to dismiss) constitutes only an affirmative defense to justify PortoVino's termination of its agreement with Cana.

The Court also does not find compelling PortoVino's argument that any such breach(es) by Cana preclude Cana from properly stating a claim. PortoVino does not cite any statute or case law that holds that a breach of an agreement is grounds for dismissal of the claim on a Rule 12(b)(6) motion. There is no authority that states a motion to dismiss is appropriate on the grounds of breach of contract, and the Court finds inapposite the cases cited by PortoVino.

PortoVino argues that *Excello Wine Co. v. Monsieur Henri Wines, Ltd.* supports its argument that it properly terminated its agreement with Cana. 474 F. Supp. 203 (S.D. Ohio 1979). The Court does not find *Excello Wine* to apply to this case, as the *Excello Wine* court was addressing a motion for preliminary injunction. PortoVino asserts that failure to timely pay (and/or to pay at all) is a proper reason to terminate an agreement. Citing *Kemco Food Distributors, Inc. v. R.L. Schreiber, Inc.*, 2016 WL 814833 (D.P.R., Feb. 29, 2016) (citing *Waterproofing Systems, Inc. v. Hydro-Stop, Inc., 440 F.3d 24, 30 (1st Cir. 2006); PPM Chemical Corp. of P.R. v. Saskatoon Chemical Ltd.*, 931 F.2d 138, 139 (1st Cir. 1991)); *Central Imports, Inc. v. Dortmunder Actien-Brauerei AG*, 214 Ill. App. 3d. 461 (1991). The *Kemco* case, however, addressed a motion for summary judgment, and *Central Imports*

was a case decided on appeal. *Id.* at PageID 45. Although the cases cited by PortoVino could potentially be useful to justify its alleged actions (and may support a motion for summary judgment pursuant to Rule 56), they are not relevant in weighing the merits of a Rule 12(b)(6) motion to dismiss.

PortoVino argues that, pursuant to MCL § 436.2013, the purchase of alcoholic liquor made by licensees shall be for cash only. PortoVino states that, when Cana took possession of wine supplied by PortoVino without simultaneously paying PortoVino, PortoVino inadvertently supplied wine on credit, causing PortoVino to involuntarily break a Michigan law. ECF No. 2, PageID 46. For these reasons, PortoVino asserts it should not be bound to conduct business with Cana. ECF No. 2, PageID 48. The Court is not be persuaded by PortoVino's argument that allegedly breaking the law gives PortoVino a right as a matter of law, to break the contract. PortoVino rests its argument on the verbiage of MCL § 436.2013, but cites no authority to support this contention.

PortoVino also argues that it had the right to exercise its business judgment to terminate its agreement with Cana. Relying on *Dayton Heidelberg Distributing Co., Inc v. Vineyard Brands Inc.*, 74 F. App'x 509, 512-13 (6th Cir. 2003) (quoting *Caral Corp. d/b/a Heidelberg Distrib. Co. v. Taylor Wine Co.*, 1980 U.S. Dist. LEXIS 17753, at *13 (S.D. Ohio July 15, 1980)). The *Dayton Heidelberg* court

also was deciding whether the facts supported a motion for summary judgment, not a motion to dismiss. *Id.*

PortoVino asks the Court to accept and consider documents not attached to Cana's complaint in order to decide this motion. ECF No. 2. PageID 37. PortoVino attached to its motion several email communications between PortoVino and Cana for the Court's consideration. Cana contends, and the Court, agrees that these documents are not appropriate for the Court to consider on PortoVino's Rule12(b)(6) motion because the Court would have to weigh the evidence of the case.

Cana contends that PortoVino's arguments do not support a Rule12(b)(6) dismissal. ECF No. 4, PageID 194. Cana asserts that PortoVino's use of an affirmative defense is not a proper basis for a Rule 12(b)(6) motion. *Id.* Cana argues that PortoVino should be estopped from relying on the provision of MCL § 436.2013 which addresses the sale or purchase of wine for cash. *Id.* Cana contends the "doctrine of estoppel prevents one from challenging transactions in which he or she actively participated." *Id.* at PageID 195. Cana contends that PortoVino repeatedly offered to sell products to Cana on credit, and PortoVino's assertion that it was forced to extend credit to Cana is "patently false and intentionally misleading." *Id.*

Cana asserts even if PortoVino can prove Cana violated MCL § 436.2013 (which, absent an admission or stipulation by Cana, would require a finding of fact), PortoVino still did not properly terminate the agreement between the parties. Cana states that PortoVino was required to provide Cana notice of the violation and give Cana an opportunity to cure the violation. *Id.* at PageID 196. Cana correctly contends that "the Court cannot rule as a matter of law that the Defendant carried its burden of showing that it acted in good faith and Defendant's motion should be denied." *Id.* at PageID 199.

PortoVino's submissions affirmative defenses also does not support a dismissal of Cana's claim. A plaintiff generally is not required to anticipate affirmative defenses and dismissal is only warranted in limited instances (according to two non-binding cases cited in the briefs). "First defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense…Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face." *Vigil v. Doe*, 405 F. Supp. 3d 1058, 1067 (D.N.M. 2019). The *Vigil* court also stated, "If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6)." *Id.*; *see also Charvat v. Allstate Corp.,* 29 F.3d 1147, 1149 (N.D. Ill. 2014).

PortoVino does not assert an immunity defense or a statute of limitations argument, and every other affirmative defense it makes is based on a recitation of facts or allegations considered in a light most favorable to PortoVino. PortoVino does not cite any affirmative defense that is apparent on the face of Cana's complaint, nor does it even set forth the allegations (or evidence) in a light most favorable to Cana (the non-moving party). The Court concludes that none of the exceptions identified by the *Vigil* court apply to PortoVino's argued affirmative defenses.

I. CONCLUSION

For the reasons stated above, the Court denies PortoVino's Motion to Dismiss. Specifically, the Court finds that Cana has sufficiently pleaded that Defendant violated MCL § 436.1305 in accordance with Federal Rule of Civil Procedure 8(a)(2). The affirmative defense arguments and arguments of a breach by Cana do not support Rule 12(b)(6) dismissal of Cana's claim because they require a determination of fact. Whether Cana breached the agreement under Michigan law by failing to pay or timely pay invoices, or whether Cana was insolvent cannot be decided at this stage, nor can it by decided as a matter of law. Cana's failure to include these points in its Complaint does not constitute a basis for granting Rule 12(b)(6) dismissal because the Court is only looking at whether Cana has failed to state a claim upon which relief can be granted. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss [ECF No. 2] is DENIED.

May 8, 2023
                                            s/Denise Page Hood
                                            DENISE PAGE HOOD
                                            UNITED STATES DISTRICT COURT